**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

RICKEY L. CAMPBELL
ADC #178023                                                                              PLAINTIFF

v.                                          3:24-cv-00154-DPM-JJV

THOMAS HURST, Warden,
Calico Unit, ADC; *et al.*                                                        DEFENDANTS

<u>**RECOMMENDED DISPOSITION**</u>

The following Recommended Disposition ("Recommendation") has been sent to United

States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this

Recommendation.  Objections should be specific and include the factual or legal basis for the

objection.  If the objection is to a factual finding, specifically identify that finding and the evidence

that supports your objection.  Your objections must be received in the office of the United States

District Court Clerk no later than fourteen (14) days from the date of this Recommendation.

Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      SCREENING**

Rickey L. Campbell ("Plaintiff") is a prisoner in the Arkansas Department of Correction

("ADC") who has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 2.)

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking

relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A.  The court must

dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous

or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief

from a defendant who is immune from such relief.  *Id.*  When conducting this review, the court

construes *pro se* pleadings liberally.  *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015).  But

1

"labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Id.*

## II.    DISCUSSION

Plaintiff says on April 4, 2024, he was moved to restrictive housing during the investigation of disciplinary charges against him.  (*Id.*)  On May 15, 2024, Plaintiff was found guilty of the charges and, as punishment, sentenced to thirty days in punitive isolation, which he began serving immediately.  (*Id.*)   Plaintiff claims Defendants violated ADC rules and his due process rights during these disciplinary proceedings by failing to properly extend the time for the internal investigation, finding him guilty without sufficient evidence of the charges, and failing to credit his punitive sentence for the time he spent in restrictive housing while the charges were being investigated. After careful consideration and for the following reasons, I recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.

First, a § 1983 claim must be based on the violation of a constitutional right or certain federal statutes.  42 U.S.C. § 1983.  But prisoners do not have a constitutional of federal statutory right to enforce compliance with internal prison rules.  *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997).   Thus, Plaintiff has failed to state a plausible claim regarding Defendants' alleged violation of ADC rules during his disciplinary proceedings.

Second, prisoners have a Fourteenth Amendment right to receive due process during prison disciplinary proceedings <u>only</u> if they implicated a liberty interest.  *See Sandin v. Conner*, 515 U.S.

472, 484 (1995); *Spann v. Lombardi*, 65 F.4th 987 (8th Cir. 2023).  Prisoners have a liberty interest in avoiding temporary placement in administrative or punitive segregation only if the conditions there are an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 485; *see also Portley–El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). And the Eighth Circuit has "consistently held that a demotion to segregation, even without cause, is not itself an atypical or significant hardship." *Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020); *Hamner v. Burls*, 937 F.3d 1171, 1180 (8th Cir. 2019).  Plaintiff has not pled any facts suggesting the conditions in restrictive housing or punitive isolation were an atypical or significant hardship, and the Eighth Circuit has held such confinement for much longer than the sixty-nine days endured by Plaintiff does not give rise to a liberty interest.[1]  *See Ballinger v. Cedar Cnty, Mo.*, 810 F.3d 557, 562-563 (8th Cir. 2016) (no liberty interest when a prisoner was held in solitary confinement for one year with reduced access to showers, telephones, exercise, and social interaction); *Orr v. Larkins*, 610 F.3d 1032, 1034-35 (8th Cir. 2010) (no liberty interest when a prisoner was held in administrative segregation for nine months); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (no liberty interest when a prisoner was held in punitive isolation for thirty days).  Having no liberty interest at stake, Plaintiff was not entitled to receive any due process protections during his disciplinary proceedings.  Accordingly, he has failed to plead a plausible § 1983 claim for relief.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a

---

[1] Plaintiff says he spent thirty-nine days in restrictive housing while the disciplinary charges were being investigated (April 5, 2024, to May 14, 2024) and an additional thirty-days in punitive isolation after he was convicted.

claim upon which relief may be granted.

2.      The Court recommend that, in the future, dismissal of this action count as a strike under 28 U.S.C. § 1915(g).

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 7th day of October 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE